AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                                  **ORDER OF DETENTION PENDING TRIAL**

CARLOS DOZAL-ALVAREZ                 Case Number: 09-20005-25-KHV-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 10, 2009                      s/ David J. Waxse
                                              *Signature of Judicial Officer*

                                              DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                              *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Carlos Dozal-Alvarez
Criminal Action 09-20005-25-KHV-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors set out in 18 U.S.C. §3142(g) that I have to look at to determine whether or not there are conditions that will allow your release.

The first factor is the nature and circumstances of the offense charged. Obviously it involves a controlled substance, which is a negative factor.

The next factor is the weight of the evidence against the person. There is a Grand Jury Indictment, which is a negative factor.

The next factors include character, physical and mental condition, family ties, and employment. There is no employment. Family ties are somewhat minimal in the Kansas City area; there are ties to New York but not as many to Kansas City at the moment.

The next factors are financial resources and length of residence in the community. There is minimal time in the community and there is no indication of substantial resources.

The next factor is history relating to drug or alcohol abuse. There is no indication of that in the report.

The next factor is criminal history and record concerning appearance at court proceedings. That is a problem because there are convictions and numerous indications of failure to appear in the prior criminal cases.

The next factor is whether at the time of the arrest the person was on probation, parole, or other release. He was on release at the time of these alleged offenses so that is another negative.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by the release. Any time you are talking about charges of distributing methamphetamine it is a danger to the community of a serious nature, so that is a negative.

2

Considering the general factors and the specific factors, I am going to find that there are no conditions I can set that will reasonably assure defendant's appearance or the safety of the community, so he will remain detained.