**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 09-20005-25-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| CARLOS DOZAL-ALVAREZ, | ) | **No. 10-2674-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #951) filed December 13, 2010. For reasons stated below, the Court overrules defendant's Section 2255 motion.[1]

**Analysis**

Defendant argues that counsel was ineffective in that (1) he did not file a motion to suppress evidence from certain wiretaps; (2) he did not file a motion to suppress and to dismiss because a "Mexican Spanish" interpreter was not used to translate the wiretaps; and (3) he did not hire a "Mexican speaking interpreter with the same dialect" as defendant to translate documents and court proceedings.

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. <u>See</u> <u>Klein v. United States</u>, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which

---

[1]     Defendant also filed a <u>Motion For Records, Motions, Responses To Motions, Plea Agreement With Addendum(s) And All Transcripts</u> (Doc. #967) and an <u>Amended Motion For Records, Documents, Motion(s), Transcripts Of Motion Hearing(s), And Sentencing Transcripts</u> (Doc. #974). For reasons stated below, the Court overrules defendant's motions for discovery.

resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

**I.      Procedural Bar – Waiver Of Collateral Challenges (Claims 1 and 2)**

The government asserts that as part of the plea agreement, defendant knowingly and voluntarily waived his right to file a Section 2255 motion. See Government's Response To Defendant's Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #968) filed February 22, 2011 at 8-14. A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

        A.      Scope Of The Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

**10.** **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Non-Cooperation Plea Agreement (Doc. #607) ¶ 10.

The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's prosecution, conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187.

Here, except as limited by Cockerham, i.e. except for claims challenging the validity of the plea or waiver, defendant specifically waived his right to raise any collateral challenge in connection with his prosecution, conviction and sentence. Because defendant's first and second claims

(ineffective performance related to failure to file motions to suppress and motion to dismiss) do not challenge the validity of the plea or waiver, they fall within the scope of the waiver in the plea agreement.  See id.

        B.       Knowing And Voluntary Nature Of The Plea

        To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy.  Hahn, 359 F.3d at 1325.  The Court conducted a thorough inquiry at the plea hearing.[2]  See Transcript Of Hearing On Change Of Plea (Doc. #968-2).  At the plea hearing, Blanca Jadlow, an experienced interpreter who has appeared in this court on numerous cases involving defendants from Mexico, was present to interpret.  See id. at 2.  Defendant confirmed that the indictment, the plea agreement and the petition to enter a plea had all been translated from English to Spanish so that he could fully understand them.  See id. at 4-5, 7, 17, 22.  Defendant acknowledged that he would be giving up most, if not all, of his rights to appeal the Court's judgment in his case and that he had consulted at length with his attorney about whether to enter the plea and the terms of the plea.  See id. at 4, 6-7, 18.  Even though the Court generally discussed the waiver in terms of "appeal" without distinguishing between a direct and collateral appeal, nothing in the record suggests that defendant did not fully understand the waiver of direct and collateral challenges.  Defendant has not alleged facts which establish that he did not understand the waiver provision in the plea agreement.  See United States v. Edgar, 348 F.3d 867, 872-73 (10th Cir. 2003) (defendant must present record evidence that he did not understand waiver).  The plea agreement clearly set forth the waiver of collateral challenges and the transcript of the plea hearing reflects that defendant fully understood

---

    [2]       Magistrate Judge James P. O'Hara conducted the change of plea hearing.

the terms of the agreement and voluntarily entered into it. Defendant acknowledged that his plea was voluntary, that no one had forced or threatened him to enter it, and that the only reason he was pleading guilty was that he was guilty as charged. See Transcript Of Hearing On Change Of Plea (Doc. #968-2) at 21, 24-25. In sum, the language of the plea agreement and the Rule 11 colloquy establish that defendant's waiver of his rights was knowing and voluntary.

### C. Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Id. at 1327. This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. Anderson, 374 F.3d at 959.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received a sentence of 188 months in prison, which was the low end of the applicable guideline range and is significantly below the statutory maximum of life in prison. Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings. See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's first and second claims are barred by the waiver of collateral challenges in the plea agreement.

**II. Substantive Merit Of Defendant's Claims (All Claims)**

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

A. Failure To File A Motion To Suppress And To Dismiss - Necessity Requirement

Defendant argues that counsel was ineffective in that he did not file a motion to suppress evidence of wiretaps. See Defendant's Section 2255 Motion (Doc. #951) at 4. In particular, defendant claims that counsel should have argued that as to the wiretap of Maricela Naranjo's phone, the government did not meet the "necessity requirement" for the wiretap application and accompanying affidavit. Id. In addressing a motion to suppress filed by a co-defendant, the Court specifically found that the government satisfied the necessity requirement as to Naranjo's phone.

See Memorandum And Order (Doc. #567) at 6-10. Defendant does not explain why the Court likely would have reached a different result if his counsel had filed motions to suppress or dismiss on the same issue. In sum, defendant has not alleged facts to show that counsel's failure to file motions which raised the necessity requirement as to Naranjo's phone was deficient or prejudicial.[3]

### B.   Failure To File Motion To Suppress And To Dismiss – Interpreter

Defendant argues that counsel was ineffective because he did not file motions to suppress and to dismiss because a "Mexican Spanish" interpreter was not used to translate the wiretaps. Defendant asserts that the conversations in the wiretaps were spoken in "Mexican Spanish, a specific dialect." Defendant's Section 2255 Motion (Doc. #951) at 5. Defendant does not explain how the interpreter mistranslated the wiretaps in any material regard. Only those motions having a solid foundation, not every possible motion, should be filed. Afflerbach, 754 F.2d at 870. Defendant has not shown an adequate factual or legal basis for a motion based on the interpreter of the wiretaps or suggested how such a motion would have likely affected the outcome of the case. The Court therefore overrules defendant's claim that counsel was ineffective for failing to file motions to suppress or dismiss on this issue.[4]

---

[3]       Defendant also argues that counsel should have raised all possible objections to the wiretaps as set forth in 18 U.S.C. § 2518(10)(a), see Defendant's Brief In Support (Doc. #952) at 16; Defendant's Reply (Doc. #973) at 8, but he does not explain how such objections apply to the wiretaps in his case. Only those motions having a solid foundation, not every possible motion, should be filed. United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir.), cert. denied, 472 U.S. 1029 (1985).

[4]       Defendant states that the Court held that the wiretaps of his co-defendants including Jesus Munoz were inadmissible at trial. See Defendant's Brief In Support (Doc. #954) at 5. Defendant does not identify any such rulings. Indeed, the Court held that Officer Branner's testimony about the wiretap conversations was admissible, but that a cautionary instruction was appropriate to inform the jury when he was expressing an opinion as an expert and when he was relying on personal knowledge. See Memorandum And Order (Doc. #621) filed February 2, 2010

(continued...)

C.    Failure To Hire Mexican Spanish Interpreter

Defendant argues that counsel was ineffective because he did not hire "a Mexican speaking interpreter with the same dialect" as defendant so that he could understand everything being said. Defendant's Brief In Support (Doc. #954) at 20. Defendant has not alleged that he expressed to counsel or to any of the interpreters that he had difficulty understanding or communicating with them or that he specifically misunderstood any material issue. Indeed, many of the 25 defendants in this case required an interpreter and no defendant expressed to the Court any dissatisfaction with the interpreters. Defendant has not alleged facts which establish that counsel's failure to hire an interpreter who was specifically trained in "Mexican Spanish" was deficient or prejudicial. The Court therefore overrules defendant's third claim for relief.

III.    **Defendant's Motions For Discovery (Doc. #967, #974)**

Defendant seeks "all records, all motions, all responses to those motions, Plea Agreement with any Addendum(s), all documents on file and all transcripts (including transcripts of all evidentiary hearings, plea taking and sentencing)." Doc. #970 at 2. The government attached to its

---

[4](...continued)
at 3. The government did not object to the cautionary instruction and the Court directed the parties to consult on the issue and submit a proposed instruction. See id. at 3 n.2. Defendant argues that counsel should have pursued whether Branner's proficiency in Spanish affected his ability to understand "Mexican drug traffickers" and various slang phrases used by defendant and his alleged co-conspirators. Defendant's Reply (Doc. #973) at 10. These arguments were reasonably included in the arguments made by counsel, but the Court found that Officer Branner's testimony would help the jury understand the various transactions and counter-surveillance techniques including the use of code language. See Memorandum And Order (Doc. #621) at 3; Motion In Limine To Prohibit Testimony Of Dep. Justin Branner In Light Of Principles And Requirements Of F.R.E. 702, With Suggestions (Doc. #398) filed October 23, 2009 by Sergio Hernandez-Mosqueda at 3-4 (Branner not fluent in Spanish and not familiar with "idiomatic tendencies as well as the idiosyncratic practices of persons from foreign countries"). Any further objection to Branner's testimony based on his experience with the "Mexican Spanish" dialect likely would have been overruled because it would have gone to the weight, not the admissibility, of his testimony.

response both the plea agreement and the transcript of the change of plea hearing.  <u>See</u> Exhibits 1 and 2 to <u>Government's Response to Defendant's Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody</u> (Doc. #969) filed February 22, 2011.[5]  As to all other documents and transcripts, defendant has not shown that absent the information, he cannot prepare a reply brief on the limited issues in the government's response brief.  Absent a showing of a particularized need, the Court generally does not provide copies of transcripts or other information to indigent prisoners.  <u>See</u> Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); <u>Brown v. N.M. Dist. Court Clerks</u>, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); <u>United States v. Sistrunk</u>, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); <u>Ruark v. Gunter</u>, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); <u>see also</u> <u>United States v. Horvath</u>, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed).  The Court therefore overrules defendant's request for discovery beyond that already provided in the exhibits to the government's response.

---

[5]    Defendant mailed his initial motion (Doc. #970) before the government filed its response.

**IV.     Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief.

Moreover, defendant does not allege specific and particularized facts which, if true, would entitle

him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States

v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of

ineffective assistance must be specific and particularized; conclusory allegations do not warrant

hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where

factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa,

777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if

proved, would entitle him to relief" and allegations are not contravened by record).

**V.     Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate

of appealability may issue only if the applicant has made a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).[6] To satisfy this standard, the movant must demonstrate

that "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v.

Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not

made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To

---

    [6]     The denial of a Section 2255 motion is not appealable unless a circuit justice or a
circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C.
§ 2253(c)(1).

Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #953) filed

December 13, 2010 be and hereby is **OVERRULED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED** as to the

Court's ruling on defendant's Section 2255 motion.

IT IS FURTHER ORDERED that defendant's Motion For Records, Motions, Responses

to Motions, Plea Agreement With Addendum(s) And All Transcripts (Doc. #967) filed February 18,

2011 be and hereby is **OVERRULED**.

IT IS FURTHER ORDERED that defendant's Amended Motion For Records, Documents,

Motion(s), Transcripts Of Motion Hearing(s), And Sentencing Transcripts (Doc. #974) filed

March 9, 2011 be and hereby is **OVERRULED**.

Dated this 7th day of July, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge