# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 09-20005-25-KHV |
| ) | |
| CARLOS DOZAL-ALVAREZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On June 22, 2010, the Court sentenced defendant to a controlling term of 188 months in prison. See Judgment In A Criminal Case (Doc. #894). This matter is before the Court on defendant's pro se Motion To Reconsider Court's Order Based On Defense Attorney's Failure To Notify Defendant And File A Response On His Behalf As Requested By The Court (Doc. #1309) filed October 21, 2019. For reasons stated below, the Court overrules defendant's motion.

On February 9, 2015, under Amendment 782 to the United States Sentencing Guidelines and effective November 1, 2015, the Court entered the parties' agreed order which reduced defendant's sentence to 151 months in prison. Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1082) filed February 9, 2015 ("Order Of February 9, 2015"). On April 27, 2015, the Court directed the parties to show good cause in writing why the Court should not vacate that order because defendant was not eligible for relief. See Order To Show Cause (Doc. #1112) filed April 27, 2015. The government filed a response, but defendant did not respond.[1] On August 18, 2015, the Court vacated the Order Of February 9, 2015. See

---

[1] The Court originally ordered that the parties show cause by May 11, 2015. See Order To Show Cause (Doc. #1112). The Court later extended the deadline to respond to July 10, 2015. See Order (Doc. #1115).

Order Vacating Order (Doc. #1082) Filed February 9, 2015 (Doc. #1117).  Because the effective date of the Order Of February 9, 2015 was November 1, 2015 and that order was vacated, defendant remained subject to his original sentence of 188 months in prison and the terms and conditions set forth in the Judgment In A Criminal Case (Doc. #894) filed June 24, 2010.

Defendant asks the Court to reinstate the original order which would reduce his sentence under Amendment 782.  Even if defendant could establish that he did not receive notice of the Order To Show Cause (Doc. #1112),[2] he has not shown that reinstating the original order granting relief is warranted.  Defendant's present motion does not address whether he is entitled to relief under Amendment 782 and the Court previously found that he is ineligible for such relief.  The Court therefore overrules defendant's motion to reconsider.

Although defendant is not entitled to relief on his motion to reconsider, the Court notes that it has jurisdiction to consider a second Section 3582(c)(2) motion under the same amendment.  See United States v. Green, 886 F.3d 1300, 1306 (10th Cir. 2018).  Accordingly, to the extent that defendant believes that he is entitled to relief under Amendment 782, he may file a successive motion for relief under 18 U.S.C. § 3582(c)(2) based on that same amendment.  Because it appears that the FPD may not have received notice of the Court's prior orders, defendant may wish to consult the FPD before filing a pro se motion for relief.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider Court's Order Based On Defense Attorney's Failure To Notify Defendant And File A Response On His Behalf

---

[2] Defendant states that he did not receive notice of the Order To Show Cause (Doc. #1112) or the Order Vacating Order (Doc. #1082) Filed February 9, 2015 (Doc. #1117), but the record reflects that the Clerk's Office mailed defendant a copy of both orders.  Even so, the Court recognizes that the docket does not reflect that the Office of the Federal Public Defender ("FPD") received notice of the orders.  Although the FPD did not formally enter an appearance, it was listed as defense counsel in the agreed Order Of February 9, 2015.

<u>As Requested By The Court</u> (Doc. #1309) filed October 21, 2019 is **OVERRULED**.

**The Clerk is directed to send a copy of this order to defendant and the Office of the Federal Public Defender.**

Dated this 26th day of December, 2019 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge